UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

JEROME MERRIWEATHER,

    Plaintiff,

v.

CHERYL R. WHITLEY,

    Defendant.                                No. 16-cv-01199-DRH

## ORDER

**HERNDON, District Judge:**

    Before the Court is plaintiff Jerome Merriweather's *pro se* motion for leave to proceed *in forma pauperis* (Doc. 2). Before reaching the merits of plaintiff's motion, the Court must determine if it has jurisdiction over this matter[1] and will construe plaintiff's complaint liberally to determine if there is any manner in which the plaintiff would have a meritorious claim. *Donald v. Cook county Sheriff's Dep't.,* 95 F.3d 548, 555 (7th Cir. 1996).

    On April 7, 2016, Mr. Merriweather entered a plea of guilty in his federal criminal case pending before Judge J. Phil Gilbert (4:15-cr-40046-JPG Doc. 178). At the time, Mr. Merriweather had retained and was represented by defendant Cheryl R. Whitley, a private attorney. On June 16, 2016, Judge Gilbert granted attorney Whitley's motion to withdraw as attorney (Criminal Case, Doc. 195) and

---

[1] *Hay v. Indiana State Bd. Of Tax Com'rs,* 312 F.3d 876 (7th Cir. 2002).

appointed counsel in accord with the Criminal Justice Act (Criminal Case, Doc. 196). Mr. Merriweather's was set to be sentenced on November 21, 2016 but instead his new counsel made an oral motion to continue that matter in order to file a motion to withdraw his guilty plea. The continuance motion was granted and the withdrawal motion will be heard in early January of 2017.

In his complaint, Mr. Merriweather arguably asserts claims for breach of contract, legal malpractice, and for violating his rights under the Sixth Amendment. Mr. Merriweather asserts that jurisdiction is proper because the underlying criminal case is in federal court.

The federal courts are courts of limited jurisdiction. Mr. Merriweather's claim can only proceed if (1) diversity jurisdiction is present or (2) his action involves a federal question. It is evident that diversity jurisdiction is not present. Both parties appear to be citizens of Illinois and the amount in controversy requirement is not met (the amount in controversy is listed as $10,000).

It is also evident that federal question is not a basis for jurisdiction. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. Section 1331. Mr. Merriweather's claims for breach of contract and legal malpractice are state law claims. *Dick v. Towles*, 67 Fed. Appx. 965, 966–67 (7th Cir. 2003) (unpublished) ("Allegations that a lawyer breached a contractual obligation to his client implicate state, not federal, law.").

The fact that the underlying criminal case is proceeding in federal court does

not transform Mr. Merriweather's state law claims into claims that satisfy the requirements of Section 1331.

Federal question jurisdiction exists where a well-pleaded complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Here, the complaint does not allege a federal law that creates a cause of action is an essential component of his breach of contract or legal malpractice claims. Indeed, the complaint does not raise any federal issue at all. The most that can be said about the complaint is that it alleges wrongs that occurred during an ongoing federal criminal matter.

Obtaining a default judgment is a two-step process. First, a party must seek an entry of default from the clerk. Fed. R. Civ. P. 55 (a). Second, a party must seek a default judgment. Fed. R. Civ. P. 55(b). There is a clear distinction between the two steps. See *Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 339 (7th Cir. 2004); *see also In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004); *United States v. Di Mucci,* 879 F.2d 1488, 1490 n.3 (7th Cir. 1989).

Further, Mr. Merriweather's assertions regarding alleged Sixth Amendment violations do not confer federal question jurisdiction over this action because the claim cannot rest upon 42 U.S.C. § 1983. Section 1983 permits any person to recover damages or other relief from another who has deprived him of his constitutional rights "under color of any statute, ordinance, regulation, custom, or

usage of any State or Territory." 42 U.S.C. § 1983. *See also Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir.1998) (in order to violate section 1983, the defendant must be a state actor). Defendant, a private attorney, is not a state actor. *See Polk County v. Dodson,* 454 U.S. 312 (1981); *Sun v. McCann,* 996 F.2d 1220 (7th Cir. 1993); *Housand v. Heiman,* 594 F.2d 923, 924-25 (2nd Cir. 1979); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976). Because plaintiff has no cognizable Sixth Amendment claim against his private attorney, that claim cannot serve as the basis for federal jurisdiction over this case.

For the reasons stated herein, the Court *sua sponta* **DISMISSES** this cause of action for want of jurisdiction. The court, therefore, **DENIES** plaintiff's motion to proceed *in forma pauperis* (Doc. 3), motion for recruitment of counsel (Doc. 2), and motion for service of process (Doc. 4) as moot. The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 23rd day of November, 2016.

Judge Herndon
2016.11.23
10:41:46 -06'00'

**United States District Judge**